WOJTAS v. WOJTAS.

1. Divorce—Division of Property—Alimony.

In fifth suit for divorce filed during marriage lasting shortly more than two years, award to defendant wife of $1,435.33 equity in house where they lived subject to $3,864.67 unpaid balance on land contract, all of the remaining furniture and household goods not given away to their children by previous marriages and $1 in lieu of dower but without future payments of alimony *held*, sufficient in view of brevity of marriage, poor health of wife, relief to plaintiff from future support of wife, and cancellation of claims against plaintiff for back alimony and unpaid taxes.

2. Same—Costs.

No costs are awarded defendant wife upon affirmance of decree of divorce for her where she had been awarded vendees' interest they had owned in real estate, all the remaining furniture, $1 in lieu of dower but no alimony, where husband failed to obtain modification of decree on appeal.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 9, 1946. (Docket No. 27, Calendar No. 42,977.) Decided April 1, 1946.

Bill by Walter Wojtas against Nellie Wojtas for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for defendant. Plaintiff appeals. Defendant cross-appeals. Affirmed.

*Robert J. Wojcinski,* for plaintiff.

*Riseman, Lemke & Piotrowski,* for defendant.

Reid, J. This is a divorce suit. The parties were married at Detroit on October 18, 1941. Both are residents of Wayne county and have resided there more than 2 years before this suit was begun. Plaintiff does not appeal from that portion of the decree which awarded defendant a divorce on her cross bill but does appeal from the award of the property to defendant. Defendant takes a general cross appeal.

At the time of the hearing the parties owned by the entireties the house and lot where they lived, the amount still unpaid on the land contract for the purchase of the property being $3,864.67. The parties agreed the property is worth $5,300; their interest in the property was therefore $1,435.33.

Each of the parties had been married previously. Plaintiff's former wife died; defendant was divorced from her former husband. Each had filed two bills of complaint for divorce against the other before the present suit. Defendant received "a little money" from her son who was in the navy at the time of the hearing, and the divorce decree from her former husband awarded her $4 per week. Defendant testified she suffered from a nervous breakdown, heart trouble, gallstone difficulty and rheumatism in one leg, which swells up.

Plaintiff earned $280 a month in 1943. However, defendant testified that during 1942 plaintiff did not

earn $540. Defendant testified she worked at Ford's about six months and that she had about $700 in war bonds, the purchase money being supplied by her son. Defendant testified plaintiff gave his furniture to his daughter and his car to his son and that defendant gave her son her dining room set and sold the front room set for $25.

While defendant said in one part of her testimony, after reciting the purchase of furniture from a furniture company, that "the rest of the furniture is mine," later on cross-examination she said, "the furniture that I purchased after we were married cost my husband $500."

It is impossible to determine with precision from the record before us the history of purchase of the furniture of the parties, or to determine its present value. Plaintiff claims that the furniture is worth $1,100 and that he should be awarded a half interest in the furniture and an undivided half interest in the real estate. Defendant claims the total award in the court below amounts in value to $700.

The parties lived together only a short time during the period from their marriage in October, 1941, until the filing of the fifth bill for divorce, the instant suit, on February 4, 1944.

The trial judge awarded defendant the vendees' interest in the house and lot, all the furniture and household goods in the house, and $1 in lieu of dower, but without any provision for future payments of alimony. This provision for defendant is evidently in lieu of weekly payments of $10 per week for one year, which the court in rendering his opinion stated he had contemplated awarding her, and which amount would be about equal to the value of plaintiff's half interest in the real estate, after cancellation of claims against the plaintiff for back alimony and unpaid taxes.

In view of the brevity of the marriage and all the circumstances of the parties, we consider the property award sufficient so far as defendant is concerned. It is of considerable financial benefit to plaintiff to be relieved of all future support of his wife. She is in poor health and may require an operation for gallstones. The award of the furniture and real estate to defendant is just as far as plaintiff is concerned only in consideration of his being permanently relieved of defendant's future support.

The decree is affirmed, without costs.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, North, and Starr, JJ., concurred.